

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 1:11cr130-LO |
| | ) | |
| YESEWLIK A. WUDU | ) | |
| | ) | |
| Defendant | ) | |

MEMORANDUM OPINION

This matter comes before the court on Defendant Yesewlik Wudu's appeal of his conviction of speeding before a magistrate judge on February 3, 2011 (Dkt. No. 1) following trial. He raises two issues on appeal (Dkt. No. 7). The court finds first that the magistrate judge did not err in admitting the calibration certification of the Lidar laser device that detected Wudu's speed and, second, properly considered the Lidar results as evidence. For the reasons stated below, the Court DENIES the appeal and AFFIRMS the magistrate judge's ruling.

I. Background

Shortly after midnight on December 20, 2010 on the George Washington Memorial Parkway near Fort Marcy United States Park Police Sergeant Franz Ferstl stopped and subsequently issued Defendant Yesewlik Wudu a violation for speeding eighty miles per hour in a fifty mile-per-hour zone. Sergeant Ferstl also issued Wudu a reckless driving violation for traveling thirty miles over the speed limit. Both violations were based on Sergeant Ferstl's readings of a Lidar laser device. Mr. Wudu initially appeared before the court on January 18,

2011 where he was formally charged, and the court set a trial date of February 3, 2011. Wudu subsequently filed a motion to exclude the Lidar speed results and the Lidar device certification. On February 3, 2011 the parties appeared before the magistrate judge for a hearing on the motion to exclude and for trial. The judge denied Wudu's motion and the case proceeded to trial. (Dkt. No. 1).

At trial Sergeant Ferstl and Wudu were both witnesses. Sergeant Ferstl testified that he tested the Lidar device for distance and alignment prior to and at the end of his shift on December 20, 2010. (Trial Tr. 20). He further gave testimony that he was a certified operator of the Lidar device at the time of the offense. (Trial Tr. 19). In addition, Sergeant Ferstl identified the certification for the Lidar device he was operating on the evening that he stopped Wudu. (Trial Tr. 20-22). The magistrate judge admitted the certification into evidence over Wudu's objection. Wudu objected to the admission of the certification on the grounds that Sergeant Ferstl was not the author of the certification and therefore not a qualified witness. (Trial Tr. 22). Wudu also objected to the use of the Lidar results, arguing that Virginia Code § 46.2-882 excludes evidence from a laser device that has not been certified as accurate within six months. The Lidar device had not been certified within that prescribed statutory period prior to its use in this case. (Trial Tr. 23).

Following testimony, the magistrate judge found that the government had established beyond a reasonable doubt that Wudu was guilty of speeding at least 79 miles per hour. (Trial Tr. 54). The judge determined, however, that Wudu was not guilty of the reckless driving charge. On February 17, 2011, Mr. Wudu filed a timely appeal maintaining that the certificate of calibration was not admissible and that the judge should not have considered the

2

Lidar device as evidence.

## II. Analysis

An appeal of a magistrate judge's decision is subject to the same review that an appellate court would employ when evaluating judgment entered by a district judge. Fed. R. Crim. P. 58(g)(2)(D). The Fourth Circuit reviews rulings on the admissibility of evidence for abuse of discretion and legal conclusions concerning the Rules of Evidence *de novo*. *United States v. Rivera*, 412 F.3d 562, 566 (4th Cir. 2005). The Court will only overturn an evidentiary ruling that is arbitrary and irrational. *United States v. Cole*, 631 F.3d 146, 153 (4th Cir. 2011) (quoting *United States v. Blake*, 571 F.3d 331, 346 (4th Cir. 2009)).

The court finds that the magistrate judge properly admitted the Lidar certificate of calibration as a business record at trial under Federal Rule of Evidence 803(6). Rule 803(6) provides that a business record may be admitted into evidence if it is authenticated by the testimony of either the record's custodian, or an 'other qualified person', or by certification that complies with Rule 902(11). Fed. R. Evid. 803(6); *United States v. Bacas*, 622 F. Supp.2d 481, 486 (E.D. Va. 2009) (finding that because exhibits lacked certification and the custodian of records did not testify at trial, the government's exhibits could only be introduced through the testimony of an 'otherwise qualified witness"). An otherwise qualified witness must have more than mere access to the records, and thus be able to establish the validity of the record by demonstrating knowledge of how the records were created or the record-keeping requirements of the company. *Id.* At 487.

Here, Sergeant Ferstl testified that Officer Zalinski, the custodian of the Park Police records, certified the laser certificate of calibration as a true and accurate copy of the

3

report on file with the Traffic Safety Unit of the United States Park Police. Wudu relies on *United States v. Bacas* to support his proposition that testimony of an 'other qualified witness' is required here. The difference between that case and Wudu's is that in *Bacas*, the court reviewed four certificates, two that were properly certified, and two that were not. Indeed, the two certificates that were not certified required the testimony of an otherwise qualified witness. The court in *Bacas* ultimately excluded the uncertified exhibits from evidence because the government did not provide a qualified witness. *Id.* at 486-87 (concluding that the testimony of the government's witness failed to establish him as an otherwise qualified witness because the witness neither offered testimony regarding the creation or maintenance of the certificates nor did he testify that the agency created the certificates contemporaneously with testing; the witness conceded that he was unfamiliar with the organization's creation and maintenance of the certificates). The court in *Bacas* concluded differently, however, regarding the two records that bore certification, and deemed them admissible without further requiring testimony of an otherwise qualified witness.

Likewise, here the court finds that because the certificate the magistrate judge admitted was certified by the Park Police Department's custodian of records, further testimony from an 'otherwise qualified witness' was not necessary at Wudu's trial. *Id.* at 486. *E.g. United States v. Williams*, 2010 WL 2802457 at *3 (E.D. Va. 2010) (inferring that a certified record would be sufficient for admissibility purposes). The magistrate judge's evidentiary ruling was not arbitrary or irrational and the Lidar certification was properly admitted.

The Court also finds that the magistrate judge properly concluded that the Lidar speed results were not barred from evidence by the six-month re-calibration requirements set

forth in Virginia Code § 46.2-882. *See* Va. Code § 46.2-882 (stating that 'no calibration or testing of a laser device shall be valid for longer than six months"). The judge did not abuse his discretion in considering evidence from the device at trial. Wudu argued that 36 C.F.R. § 4.2 adopts State traffic laws and therefore the provision in Virginia Code § 46.2-882 is incorporated by 36 C.F.R. § 4.2 and applies in federal court. Section 4.2 of Title 36 of the Code of Federal Regulations states however that 'unless specifically addressed by regulations in this chapter, traffic and the use of vehicles within a park area are governed by State law." 36 C.F.R. § 4.2(a). The prohibition on speeding and the use of mechanical devices to monitor speed are contained in the same provision of the C.F.R.; therefore, Virginia law is not relevant in the application of those provisions.[1] *United States v. Meetre*, TVNP2566281, P256282, Memorandum Opinion at 1 (E.D. Va. October 7, 1999).

The magistrate judge properly considered the Lidar speed results and reasoned in the Summary of Proceedings that "even if Virginia Code § 46.2-882 would be considered incorporated pursuant to 36 C.F.R. § 4.2, any such incorporation would not include the provision relating to the length of time a certificate would be deemed valid and admissible." This Court agrees and finds that because Virginia's guidelines for calibrating speed-detection devices are administrative, the National Park Service was not required to adopt the measures through 36 C.F.R. § 42. *See generally United States v. Jenkins*, 2009 WL 3245401, at *5 (E.D. Va. Sep. 28, 2009) (finding that the six-month laser re-certification requirement under Virginia Code § 46.2-

---

[1] Sections 4.21(c) and (d) of Title 36 of the Code of Federal Regulations provide: "(c) Operating a vehicle at a speed in excess of the speed limit is prohibited, and (d) An authorized person may utilize radiomicrowaves or other electrical devices to determine the speed of a vehicle on a park road . . ."). 36 C.F.R. § 4.21

882 is a state procedural rule that does not apply to federal prosecutions); *United States v. Brotzman*, 708 F. Supp. 713, 715 (D. Md. 1989) (suggesting that only the substantive provisions of state law governing motor vehicle offenses are incorporated into the C.F.R.)

### III. Conclusion

For the reasons stated above, the Court concludes that the magistrate judge did not err by admitting the calibration certificate and properly considered the Lidar speed results. Accordingly, the magistrate judge's ruling is AFFIRMED.

Alexandria, Virginia
September 20, 2011

/s/
Liam O'Grady
United States District Judge